SIMMONS (AMERICAN COTTON TIE CO. v.). See Case No. 293.

## Case No. 12,866.

SIMMONS et al. v. BLACKINTON et al.

[3 Ban. & A. 481.] [1]

Circuit Court, D. Massachusetts. Oct., 1878.

PATENTS—UTILITY—ORNAMENTAL CHAIN LINKS—NOVELTY.

1. Where a patented invention possesses peculiar advantages, derived from mode of construction, which are not found in prior devices of generally a similar character, there is sufficient utility to support the patent.

2. Letters patent No. 193,543, for "an improvement in ornamental chain links," the claims of which are: "1. The combination, in a box-chain link, of the independent perforated and externally-plated sides, A, having mitred edged, and soldered together at said edges or from the inner side of the link, substantially as specified," and "2. The combination of the perforated sides A having plated exterior surfaces, and mitred joints at their edges, united internally by solder s, and the end rings, B, entered and soldered within the open ends of the box-link formed by the sides A, essentially as described," held valid.

3. Such invention is limited to links made of plated metal, and is not anticipated by a solid gold link with open sides, and mitred together at the corners of the blanks or pieces of which it is composed; nor by a link made of plated material, but so constructed that the material must be plated on both sides, and, therefore, without the advantages pointed out in the patent, of saving the more precious material obtained by the process of rolling the gold or silver upon one side only of the strip of inferior metal.

[This was a bill in equity by Robert F. Simmons and others against William Blackinton and others to enjoin the infringement of letters patent No. 193,543, granted July 24, 1877.]

Smith & Bates, for complainants.

George D. Noyes, for defendants.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

LOWELL, District Judge. The complainants are the patentees in letters patent No. 193,543, of an invention of Ernst Nortemann, which was assigned to them after the application for the patent and before its issue. The title is "An Improvement in Ornamental Chain Links." The specification declares that the object of the invention, as applied to gold or silver-plated ornamental chains, is to produce a plated chain having certain of its links of a box-like or tubular construction, and with ornamental perforations in its sides, thus giving lightness, as well as beauty, to the chain, which, moreover, is capable of taking a fine finish. It describes the invention as consisting in a box-link having three or more perforated sides, each of which latter is made of a separate piece of plated metal, beveled at its edges, so that when the several sides are put together they form a mitre joint, and are united by soldering from the inside of the link, the plated surface be-

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

ing on the exterior of the latter. By this construction of the box link, the specification proceeds, the plated surface of the link is kept intact at the edges, corners or angles of its sides, and said edges are·brought up sharp with the plated surface wholly on the exterior of the link and without any exposure of the inside solder, by which the sides are united. End links are also combined with the box-link to connect said link with other links, etc. There is then a full description of the mode of making the links, with appropriate figures. The method is to take brass stock in the form of a plate, which is coated or plated with gold or silver on one surface by rolling, and, after cutting this plate into suitable strips, to cut out a series of blanks, in which ornamental perforations are then made, and they are afterward beveled on the inner or stock side by the action of revolving burrs or cutters. The necessary number of sides having been made they are soldered together on the inside. The inventor repeats that by thus constructing the box-link, the plating on the outside is brought up as sharp on the edges as if it were made of gold or silver, and the plated surface is preserved intact on the edges. Neither is any gold or silver wasted, as all the plating is on the outside of the link; and by making the perforations in the blanks, a highly ornamental and light, hollow or box-link is easily and cheaply produced.

The claims are: "1. The combination, in a box-chain link, of the independent perforated and externally-plated sides A, having mitred edges, and soldered together at said edges on or from the inside of the link, substantially as specified.

"2. The combination of the perforated sides A, having plated exterior · surfaces, and mitred joints at their edges, united internally

[Drawings of patent No. 193.543. granted July 24, 1877, to E. Nortemann; published from the records of the United States patent office.]

by solder, s, and the end rings, B, entered and soldered within the open ends of the box-link formed by the sides A,.essentially as described."

These quotations have been made from the specification,. because while the defendants' links are admitted to come exactly within the specification and claims, they insist that the patent is for a link of the box-like form, of whatever material it may be made, including solid gold or silver, and that if there are any special features adapted to plated chains, they are only incidental and do not limit the invention. The plaintiffs, on the other hand, contend that the patent is for a new article of plated links. The question is important in view of the state of the art in 1877.

We are of opinion that the description of the patent, and more especially the language of the claims, clearly confine the inventor to links made of plated metal. Both claims are expressly limited to this.

Under this construction we have carefully examined the two links which the evidence shows to have been made before the date of the plaintiffs' invention, represented by the Exhibits "Bidet 1," and "Blackinton 1."

"Bidet 1" is a solid gold link, with open sides, and mitred together at the corners of the blanks or pieces of which it is composed. If this link showed substantially the construction of the plaintiffs' link, then though that construction might serve a peculiarly useful purpose when used in plated work, it would be impossible to sustain a patent for it, notwithstanding the fact that they have confined their claim to plated links, because the supposed invention would be merely a change from one known material to another: Hotchkiss v. Greenwood, 11 How. [52 U. S.] 248; Hicks v. Kelsey, 18 Wall. [85 U. S.] 670. But the peculiar advantages which the link, as a plated link, derives from its mode of construction would not be found in one made after the model of "Bidet 1," and, therefore, a small field of invention is left on which the precise link made by the plaintiffs and copied by the defendants may rest.

The other link is made of plated material, but so constructed that the material must be plated on both sides, and, therefore, without the advantage which the specification distinctly points out of the saving of the more precious material obtained by the process of rolling the gold or silver upon one side only of the strip of inferior metal. This appears to us to be a sufficient utility to support the patent.

We, therefore, decide that the plaintiffs' plated link is new as a distinct article of manufacture. The infringement is admitted.

Interlocutory decree for the complainants. ·

———

SIMMONS (COMMERCIAL NAT. BANK v.). See Case No. 3,062.

SIMMONS (FOSTER v.). See Case No. 4,983.